IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SANTOS IGNACIO LOPEZ,

      Petitioner,                      No. 2:11-CV-2251 GEB DAD

    vs.

TIM VIRGA,

      Respondent.              FINDINGS & RECOMMENDATIONS

_____/

        Petitioner, a state prisoner, proceeds pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. At issue is the sentence imposed with respect to a judgment of conviction entered against petitioner on August 26, 2008 in the Sacramento County Superior Court on charges of bringing heroin into a state prison and possession of heroin in a state prison. Petitioner seeks federal habeas relief on grounds that, first, the trial court abused its discretion in refusing to dismiss one or both of the prior serious felony conviction enhancement allegations brought against him; and second, the indeterminate life sentence imposed in his case was disproportionate to the offenses of which he was convicted. After careful consideration of the record and the applicable law, the undersigned will recommend that petitioner's application for habeas corpus relief be denied.

/////

PROCEDURAL BACKGROUND

On August 26, 2008, a Sacramento County Superior Court jury found petitioner guilty of bringing heroin into California State Prison-Sacramento (CSP-Sacramento) and possession of heroin in CSP-Sacramento. (1 Clerk's Transcript on Appeal ("CT") at 121.[1]) In a bifurcated bench trial, the trial court also determined petitioner had previously incurred two prior "strike" convictions within the meaning of California Penal Code §§ 667(b)-(I) and 1170.12. (2CT at 326-27.) Pursuant to the decision in People v. Superior Court (Romero), 13 Cal.4th 497 (1996), petitioner moved the state trial court to exercise its discretion and strike his prior strike convictions. (1CT at 147-56.) The trial court denied that motion and sentenced petitioner to an indeterminate term of twenty-five years to life in state prison in accordance with California's Three Strikes Sentencing Law. (2CT at 388-89.)

On appeal in state court, petitioner presented the same two issues that he has presented to this court on collateral review. (Resp't's Lod. Doc. 1) On August 17, 2010, the California Court of Appeal for the Third Appellate District affirmed the judgment his conviction on appeal. (Resp't's Lod. Docs. 3) On October 20, 2010, the California Supreme Court denied a petition for review filed on petitioner's behalf. (Resp't's Lod. Doc. 5.) On August 25, 2011, the pending federal habeas petition raising the same two claims was docketed in this court. Accordingly, the parties agree that petitioner has exhausted the two claims presented in his federal petition by fairly presenting them to the highest state court in California.

FACTUAL BACKGROUND

The California Court of Appeal for the Third Appellate District summarized the facts underlying petitioner's offenses in an unpublished memorandum and opinion on direct appeal as follows:

/////

---

[1] Notice of Lodging Documents on February 27, 2012 (Doc. No. 18), Resp't's Lod. Doc. 1CT.

> In January 2006, defendant, an inmate at the California State Prison in Sacramento, was visited by his father and sister in the prison's visiting area. Correctional Officer Pamela Montez was working in the visiting room control booth that day, surveying the room by video monitor. Montez noticed that defendant was watching the officer's desk and not interacting much with his visitors. Montez saw defendant place something in his mouth and then gulp his drink down without chewing. She also thought she saw him place something into his rectum. Montez relayed the information to Correctional Officer Steven Williamson, who was working the visiting room desk.
>
> Williamson summoned defendant to the search area. However, defendant turned and walked away from Williamson, taking things from his pockets and throwing them on the ground as he walked. When defendant refused to heed Williamson's repeated commands to stop and get down, Williamson took defendant down to the ground and restrained him. Williamson directed another officer, William Brown, to the location of a balloon thrown by defendant. Brown collected the balloon which was later found to contain heroin. Brown also collected all of the items from the table where defendant and his visitors had been sitting and searched each item. Inside a warm ham and cheese sandwich, he found a latex glove containing four small balloons, each of which contained heroin.
>
> Defendant was taken to the "stripout" room and searched, then placed on contraband watch. Officers eventually collected five balloons from defendant's feces, each of which contained heroin. The heroin from all of the balloons recovered had a combined weight of 41.16 grams.

(Resp't's Lod. Doc. 3 (hereinafter Opinion) at 2-3.)

ANALYSIS

I. <u>Standards of Review Applicable to Habeas Corpus Claims</u>

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See <u>Wilson v. Corcoran</u>, 131 S. Ct. 13, 16 (2010); <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991); <u>Park v. California</u>, 202 F.3d 1146, 1149 (9th Cir. 2000).

/////

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the state court decision. Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). Nonetheless, "circuit court precedent may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." Stanley, 633 F.3d at 859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010)).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. Price v. Vincent, 538 U.S. 634, 640 (2003). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[2] Lockyer v. Andrade, 538 U.S. 63, 75 (2003); Williams, 529 U.S. at 413; Chia v. Cambra, 360 F.3d 997, 1002 (9th Cir. 2004). In this regard, a federal habeas court "may not issue the writ

---

[2] Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding." Stanley, 633 F.3d at 859 (quoting Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004)).

4

simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 412. See also Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Lockyer, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'"). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 131 S. Ct. 770, 786 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, 131 S. Ct. at 786-87.

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence

5

of any indication or state-law procedural principles to the contrary." Harrington, 131 S. Ct. at 784-85. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." Id. at 785 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). Stanley, 633 F.3d at 860; Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes, 336 F.3d at 853. Where no reasoned decision is available, the habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief." Harrington, 131 S. Ct. at 784.

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo. Stanley, 633 F.3d at 860; Reynoso v. Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006); Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003).[3]

II. Petitioner's Claims

    A.    Abuse of Discretion under People v. Superior Court (Romero)

Pursuant to the decision of the California Supreme Court in Romero, 13 Cal.4th 497, a state trial court in California has statutory discretion to strike prior serious felony convictions that have been alleged for sentence enhancement purposes. Prior to his sentencing, petitioner moved pursuant to Romero to strike one or both of his prior serious felony convictions.

---

[3] The United States Supreme Court has recently granted certiorari in a case apparently to consider this issue. See Williams v. Cavazos, 646 F.3d 626, 639-41 (9th Cir. 2011), cert. granted in part, 132 S. Ct. 1088 (2012).

Petitioner claims the trial court abused its discretion in denying his motion. (Pet. at 5.)

The California Court of Appeal rejected this argument, holding:

The three strikes law "'establishes a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike, unless the sentencing court "conclud[es] that an exception to the scheme should be made because, for articulable reasons which can withstand scrutiny for abuse, this defendant should be treated as though he actually fell outside the Three Strikes scheme."' [Citation.]" (People v. Carmony (2004) 33 Cal.4th 367, 377 (Carmony).) In making this determination, the court should consider "the nature and circumstances of the defendant's present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects." (People v. Williams (1998) 17 Cal.4th 148, 161.)

"[A] trial court's refusal or failure to dismiss or strike a prior conviction allegation under section 1385 is subject to review for abuse of discretion." (Carmony, supra, 33 Cal.4th at p. 375.) In the context of sentencing decisions, "a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (Id. at p. 377.) Reversal for abuse of discretion is justified where the trial court was unaware of its discretion to strike a prior strike, or refused to do so at least in part for permissible reasons. (Id. at p. 378.) But where the court, aware of its discretion, "'balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance.' [citation]." (Ibid.)

The trial court was well aware of its discretion to strike defendant's prior strikes, and did not abuse that discretion in refusing to do so. The court stated that it "spent a fair amount of time" reviewing the documentation regarding defendant's prior strike offenses. The first strike, a conviction for voluntary manslaughter, arose out of an incident that occurred in June 1997, when defendant was 17 years old. Defendant, the driver of a car, struck a rival gang member on a bicycle. Defendant pulled up alongside the individual that he hit. Defendant laughed and his passenger stared at the individual. The individual then pulled a gun from his pocket and fired several shots into defendant's vehicle, injuring defendant and killing his passenger.

Defendant's second strike, assault with a deadly weapon, arose out of an incident that occurred in November 1997. Passengers fired several shots from a vehicle driven by defendant, sending pedestrians running for safety. Defendant then led police officers on a high-speed chase, striking several vehicles and placing numerous people in danger in the process.

The trial court found both incidents to be "strike conduct," the November 1997 incident being "far more heinous in nature." Taking that into consideration, along with defendant's age, the court noted that it could not "find anything that actually would provide for [defendant] to be outside the spirit of the Three Strikes law."

The court noted that, in addition to the current offense involving conduct while in prison, defendant "has had a new number of write-ups while in prison." Those incidents include participating in a riot in January 1999, possession of a falsified document in February 2000, mutual combat in May 2000, participating in a riot in October 2003, possession of manufactured alcohol in September 2004, refusing to stand for count twice in March 2005, refusing a direct order in January 2006, and possession of escape paraphernalia (i.e., a cell phone) in January 2008.

With respect to the current offense, the court remarked that it involved a substantial amount of contraband, noting that defendant's family assisted him in smuggling the heroin into the prison. While not eager to sentence defendant to 25 years to life in prison, the court explained that it could not find anything to persuade it that defendant was outside the spirit of the three strikes law.

Defendant argues that his current offense is a "non-violent narcotics offense not involving any weapon and apparently was at the behest of others in prison." However, even his trial counsel conceded that the amount of heroin was "substantial," making this more than a minor felony.

Defendant also argues, as he did in the trial court, that his prior strike convictions did not involve the use of a gun by defendant, and that the bulk of his disciplinary actions in prison were "minor in nature" and did not involve conduct initiated by him. The fact that defendant may not have fired the gun in either of the prior strike offenses does not aid him. He initiate the June 1997 incident by using his vehicle to strike another individual on a bicycle and then drove alongside the individual, which led to the victim shooting in response and ultimately injuring defendant and killing his passenger. Some five months later, in the second incident in November 1997, after shots rang out from defendant's car, he led police on a dangerous car chase ramming other vehicles and placing police and innocent bystanders in great peril.

As for defendant's prison conduct, his record demonstrates that he was consistently involved in misconduct over a period of seven years prior to the current offense, and once again two years thereafter.

/////

> Finally, defendant argues that the particulars of his background, character, and prospects compel the conclusion that he falls outside the spirit of the three strikes law because not only is his criminal record "limited and remote in comparison to his age," but he has "support on the outside and offers of employment upon his release," and he is "ready to take steps toward becoming a productive member of society."
>
> Defendant fails to note, however, that his prior criminal history is limited due to the fact that his 1997 crimes were serious enough to result in an 11-year prison sentence, thus accounting for the fact that defendant committed no other crimes in the interim. Moreover, defendant committed a steady stream of violations during his period of incarceration culminating in the current crime. All of this behavior belies defendant's claim that he has been or is now ready to take steps to become a productive member of society. He does not fall outside the spirit of the three strikes law.
>
> The trial court properly exercised its discretion in denying defendant's Romero motion.

(Opinion at 4-8.)

Petitioner does not allege that the sentence he challenges was imposed under an invalid statute or that it was in excess of that actually permitted under state law. Cf. Marzano v. Kincheloe, 915 F.2d 549, 552 (9th Cir. 1990) (due process violation found where the petitioner's sentence of life imprisonment without the possibility of parole could not be constitutionally imposed under the state statute upon which the conviction was based); see also Makal v. State of Arizona, 544 F.2d 1030, 1035 (9th Cir. 1976) (So long as a sentence imposed by a state court "is not based on any proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigency, the penalties for violation of state statutes are matters of state concern.") Rather, petitioner merely claims that the trial court abused its discretion under state law in denying his Romero motion and erred in its application of state sentencing law. Absent fundamental unfairness, federal habeas corpus relief is not available for a state court's misapplication of its own sentencing laws. Estelle, 502 U.S. at 67; Middleton v. Cupp, 768 F.2d 1080, 1085 (1986); Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) (federal habeas relief unavailable for claim that state court improperly relied upon a prior federal offense

to enhance punishment); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (claim that a prior conviction was not a "serious felony" under California sentencing law not cognizable in federal habeas proceeding). To state a cognizable claim for federal habeas corpus relief based on an alleged state sentencing error, a petitioner must show that the alleged sentencing error was "so arbitrary or capricious as to constitute an independent due process" violation. Richmond v. Lewis, 506 U.S. 40, 50 (1992).

   Here, petitioner cannot show that the state sentencing court's decision was arbitrary or capricious. The sentencing judge declined to strike petitioner's prior convictions for purposes of sentencing after thoroughly considering the relevant circumstances and applicable state sentencing law. The state appellate court, in turn, also carefully considered those factors in rejecting petitioner's contention on appeal that the sentencing court abused its discretion under state law. Under these circumstances, petitioner fails to demonstrate an independent due process violation and the state courts' rejection of petitioner's Romero claim is not contrary to, or an unreasonable application of federal law. See Haller v. Biter, No. 2:10-cv-3446 WBS DAD P, 2012 WL 3764045, at * 19 (E.D. Cal. Aug. 29, 2012) (the decision of state courts with respect to petitioner's Romero claim under state law was not contrary to or an unreasonable application of federal law); Mercadel v. Trimble, No. CV 12-0234-ODW (VBK), 2012 WL 4349313, at *8 (C.D. Cal. Aug. 29, 2012) ("[A] claim that the state court erred by refusing to grant Petitioner's Romero motion and striking one of Petitioner's prior strikes only concerns state sentencing law and does not implicate a federal constitutional right. [citations omitted].") Accordingly, petitioner is not entitled to federal habeas relief with respect to his first claim.

   B.  Cruel and Unusual Punishment

   In his second ground for habeas relief, petitioner asserts that his sentence of 25 years to life in state prison is disproportionate to the non-violent nature of the crimes for which he was convicted. (Pet. at 5.) Presented with this argument on direct appeal, the California Court of Appeal rejected petitioner's contention:

10

Conceding that the United States Supreme Court "has concluded the mandatory indeterminate sentences of the Three Strikes law do not constitute cruel and unusual punishment in the abstract," defendant urges that the particular facts of his case require a different result.  We are not persuaded.

Under the proscription of "cruel and unusual punishment" in the Eighth Amendment to the United States Constitution (applicable to the states via the Fourteenth Amendment), a "'narrow proportionality principle' . . . 'applies to noncapital sentences.'" (Ewing v. California (2003) 538 U.S. 11, 20 (Ewing), quoting Harmelin v. Michigan (1991) 501 U.S. 957, 996-997 (Harmelin).) This constitutional principle "'forbids only extreme sentences that are "grossly disproportionate" to the crime.'"  (Ewing, supra, at p. 23, quoting Harmelin, supra, at p. 1001.)

Objective factors guiding the proportionality analysis include "(I) the gravity of the offense and the harshness of the penalty; (ii) the sentence imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions."  (Solem v. Helm (1983) 463 U.S. 277, 292.)  But only in the rare case where the first factor is satisfied does a reviewing court consider the other two factors.  (Harmelin, supra, 501 U.S. at p. 1005 (conc. opn. of Kennedy, J.).)

The United States Supreme Court rejected an Eighth Amendment challenge to a 25-years-to-life three strikes sentence in Ewing, supra, 538 U.S. 11, noting that recidivism has traditionally been recognized as a proper ground for increased punishment.  (Id. at p. 25.)  Given the defendant's long criminal history, the court held that the defendant's punishment was not disproportionate despite the relatively minor character of his current felony.  (Id. at p. 29.)

Here, defendant's criminality began in 1997 when he was 17 years old.  Within a brief six-month period, defendant was twice involved in gang-related conduct resulting first in a voluntary manslaughter conviction and next in an assault with a deadly weapon conviction.  For those crimes, he was sentenced to 11 years in state prison.  While in prison, defendant committed a steady stream of violations, some minor and others more serious.  That misconduct in prison culminated in the current offense which, although nonviolent, involved a substantial amount of heroin smuggled into the institution.  Defendant's punishment under the three strikes sentencing scheme was not grossly disproportionate in light of his criminal record.  (See People v. Poslof (2005) 126 Cal. App.4th 92, 109; People v. Meeks (2004) 123 Cal. App.4th 695, 706-710.)

Similarly, article I, section 17 of the California Constitution proscribes "cruel or unusual punishment."  Although this language is construed separately from the federal constitutional ban on

11

1  "cruel and unusual punishment" (People v. Carmony (2005) 127
   Cal. App.4th 1066, 1085), the method of analysis is similar: the
2  reviewing court considers "the nature of the offense and/or the
   offender, with particular regard to the degree of danger both
3  present to society"; the comparison of "the challenged penalty with
   the punishments prescribed for the *same jurisdiction for different*
4  *offenses*"; and the comparison of "the challenged penalty with the
   punishments prescribed in the *same offense in other jurisdictions . .*
5  *. .*" (In re Lynch (1972) 8 Cal.3d 410, 425-427.)  The purpose of
   this analysis is to determine whether the punishment is "so
6  disproportionate to the crime for which it is inflicted that it shocks
   the conscience and offends fundamental notions of human dignity."
7  (Id. at p.424, fn. omitted.)

8  This is not one of those rare cases where the sentence is so
   disproportionately harsh as to shock the conscience or to offend
9  fundamental notions of human dignity.  (See People v. Kinsey
   (1995) 40 Cal. App.4th 1621, 1631.)  We have previously
10 discussed in this opinion defendant's record reflecting a general
   lack of concern for the safety of others and willingness to abide by
11 the law.  His violations in prison, consistent with his behavior in
   society, continue to demonstrate his disregard for rules – prison
12 rules.  Smuggling heroin into the prison reflects his continuing
   disregard for the law and, assuming the significant amount of
13 smuggled heroin had made its way into the prison, a potential for
   more lawless behavior by defendant and other inmates.
14 Defendant's punishment is not disproportionate to that imposed on
   other recidivists under the three strikes law, including those whose
15 present offense, like defendant's, is not a "serious" or "violent"
   felony under that law.  (See e.g., People v. Poslof, supra, 126 Cal.
16 App.4th at pp. 706-710.)

17 Defendant places great significance on the fact that he was not the
   "actual shooter" and "did not use any weapon" in either of his two
18 prior strike incidents.  His arguments are meritless given the
   circumstances of his two prior strike incidents.  The fact that
19 defendant's priors may be "old relative to his age" is of little
   consequence considering that he has been in prison since
20 committing those crimes and has demonstrated a consistent pattern
   of misconduct while incarcerated.
21
   In support of his argument that the penalty in this case is
22 disproportionate when compared to the penalty prescribed in other
   California cases where the offense was more serious, defendant
23 cites In re Oluwa (1989) 207 Cal. App.3d 439, 444-447 (Oluwa)),
   a case in which the defendant, a nonrecidivist, was convicted of
24 second degree murder, child endangering and cruel or inhuman
   corporal punishment of a child and sentenced to 15 years to life in
25 state prison.  (Id. at p. 442.)  However, as defendant properly
   concedes, California appellate courts have held that cases such as
26 Oluwa cannot be compared to cases in which the defendant is a

> recidivist.  (See People v. Martinez, supra, 71 Cal. App.4th at p. 1516.)
>
> Defendant has not shown that his punishment was "cruel and unusual" under the federal Constitution, or "cruel or unusual" under the California Constitution.

(Opinion at 9-13.)

Petitioner's claim that his sentence was disproportionate to his crimes presents a challenge under the Eighth Amendment's "narrow proportionality principle," which applies to terms of imprisonment.  See Harmelin v. Michigan, 501 U.S. 957, 996 (1991) (Kennedy, J., concurring); see also Taylor v. Lewis, 460 F.3d 1093, 1097 (9th Cir. 2006).  Successful challenges in federal court to the proportionality of particular sentences are "exceedingly rare."  Solem v. Helm, 463 U.S. 277, 289-90 (1983).  See also Ramirez v. Castro, 365 F.3d 755, 775 (9th Cir. 2004).  "The Eighth Amendment does not require strict proportionality between crime and sentence.  Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime."  Harmelin, 501 U.S. at 1001 (Kennedy, J., concurring) (citing Solem, 463 U.S. at 288, 303).

In Lockyer v. Andrade, the United States Supreme Court held that it was not an unreasonable application of clearly established federal law for the California Court of Appeal to affirm a three strikes sentence of two consecutive 25 year-to-life imprisonment terms for a petty theft with a prior conviction involving theft of $150.00 worth of videotapes.  Andrade, 538 U.S. at 75.  And, as noted by the state appellate court in this case, in Ewing v. California, 538 U.S. 11, 29 (2003), the Supreme Court held that a three strikes sentence of 25 years-to-life in prison was not grossly disproportionate and did not violate the Eighth Amendment.  In Ewing, the defendant's crime upon which he was sentenced to the challenged term was grand theft involving the theft of three golf clubs from a pro shop.  Id. at 29.  See also Crosby v. Schwartz, 678 F.3d 784, 791-92 (9th Cir. 2012) (finding that the state court's determination, that a sentence of 26 years to life in prison under California's Three Strikes Law for failure to annually update one's

registration as a sex offender and failure to register within five days of a change of address did not constitute cruel and unusual punishment, was not an unreasonable application of clearly established federal law).

In assessing the compliance of a non-capital sentence with the proportionality principle, a reviewing court must consider certain objective factors to the extent possible. Solem, 463 U.S. at 290. As the state court recognized in this case, foremost among these factors are the severity of the penalty imposed and the gravity of the offense. "Comparisons among offenses can be made in light of, among other things, the harm caused or threatened to the victim or society, the culpability of the offender, and the absolute magnitude of the crime." Taylor, 460 F.3d at 1098.[4]

Considering these factors, petitioner's sentence does not fall within the type of "exceedingly rare" circumstance that would support a finding that his sentence violates the Eighth Amendment. The sentence imposed in his case is substantial and arguably harsh for a non-violent offense. However, as noted by the state court of appeal, petitioner has a criminal history involving violence, has demonstrated a consistent pattern of misconduct during his incarceration, and the amount of heroin he attempted to smuggle into prison was substantial. In light of the sentences upheld by the Supreme Court in Harmelin, Andrade, and Ewing as discussed herein, the sentence imposed in petitioner's case cannot be said to be grossly

---

[4] The United States Supreme Court has also suggested that reviewing courts compare the sentences imposed upon other defendants in the same jurisdiction, and also compare the sentences imposed for commission of the same crime in other jurisdictions. Taylor v. Lewis, 460 F.3d 1093, 1098 n.7 (9th Cir. 2006). However,

> consideration of comparative factors may be unnecessary; the Solem court "did not announce a rigid three-part test." See Harmelin, 501 U.S. 957; see also Rummel v. Estelle, 445 U.S. 263, 282 (1980) ("Absent a constitutionally imposed uniformity inimical to traditional notions of federalism, some State will always bear the distinction of treating particular offenders more severely than any other State.").

460 F.3d at 1098 n.7.

disproportionate to the severity of the offenses of conviction. See Solem, 463 U.S. at 1004-05. Given this finding, it is not necessary to compare the sentence imposed in petitioner's case to the sentences received by other defendants in other jurisdictions. See Taylor, 460 F.3d at 1098 n.7. The state appellate court cited and applied the correct proportionality standard and its rejection of petitioner's Eighth Amendment claim was based on a reasonable application of that standard. Accordingly, no petitioner is not entitled to federal habeas relief with respect to the claim that his sentence was disproportionate to his crimes.

CONCLUSION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: October 29, 2012.

DAD:11
lope2251.157.F&R

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

15